# SEARS & NICHOLS COMPANY *v.* BRAKELEY.

TRADEMARKS; DESCRIPTIVE WORDS; PRIOR USE.

1. Registration as a technical trademark is properly refused of a mark applied to canned fruits and vegetables, and consisting of the word "Evergreen" over the representation of green string beans, and accompanied by another representation of a field of growing vegetables, the word "Evergreen," as used, being descriptive. (Following in *Re Meyer Bros. Coffee & Spice Co. ante,* 520.)

2. Registration of a mark applied to canned fruits and vegetables, and consisting of the word "Evergreen" over the representation of green string beans and accompanied by another representation of a field of green growing vegetables, is properly refused under sec. 5 of the trademark act of Congress, where it is shown that within ten years of the passage of that act, a company other than the applicant had been using the word "Evergreen" as a mark for goods of a similar character, as the use of the mark by the applicant for registration was not exclusive. (Following *Worster Brewing Corp.* v. *Rueter & Co.* 30 App. D. C. 428.)

No. 759. Patent Appeals. Submitted March 14, 1912. Decided April 1, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents, sustaining an opposition to the registration of a trademark. *Affirmed.*

The facts are stated in the opinion.

*Mr. Homer C. Underwood* for the appellant.

*Messrs. Howson & Howson* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The Sears & Nichols Company applied for the registration

of a trademark for canned fruits and vegetables, consisting of the word "Evergreen." The sample label filed shows the word "Evergreen" over a representation of green string beans and accompanied by another representation of a field of green growing vegetables.

Opposition was filed by Asher Brakeley, representing that he was engaged in packing and selling canned vegetables grown by himself, and that in July, 1897, he used the word "Evergreen" affixed as a mark to cans and packages of green peas. That the same mark has been continuously used since, and it is not true that applicant has had exclusive use of said mark upon canned vegetables. That as he has established a valuable good will in the business of packing and selling peas under said mark and brand, he will be seriously damaged by the registration of said trademark by the applicant.

The testimony shows that Brakeley had commenced the packing and sale of canned peas, with said brand affixed, in July, 1897; that he had sold his goods with that brand in New Jersey and Pennsylvania; and that he had continued to use the same mark. Applicant's testimony showed that it, and its predecessors from whom the mark had been acquired, had used the word on its canned goods since some time prior to the year 1888.

Registration was rightly denied as a technical trademark, because the word "Evergreen," as used, is clearly descriptive. See *Re Meyer Bors. Coffe & Spice Co.* ante, 520; and the cases therein cited.

Nor is the mark entitled to registration under section 5 of the trademark act by virtue of actual and exclusive use of the mark for ten years prior to the adoption of the act, for the testimony shows that such use was not exclusive. *Worster Brewing Corp.* v. *Rueter & Co.* 30 App. D. C. 428–431.

The decision is right, and will be affirmed. The clerk will certify this decision to the Commissioner of Patents.

*Affirmed.*